# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FLOYD OVERTURF,

   **Plaintiff,**

vs.            Case No.  17-cv-762-DRH-SCW

JANE DOE #1, JANE DOE #2,
JOHN DOE #1, P.A. GERST, and  )
WARDEN OF BIG MUDDY RIVER
CORRECTIONAL CENTER,
      **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Defendant Gary Gerst's motion to set aside entry of default (Doc. 41).  Defendant has also filed a supplement to his motion (Doc. 43).  Plaintiff has filed a response (Doc. 44) in opposition to the motion.  Based on the following, the Court **GRANTS** Defendant's motion to set aside entry of default.

Plaintiff filed his original complaint *pro se* on July 20, 2017 (Doc. 1).  The Court conducted its threshold review pursuant to **28 U.S.C. § 1915A** on September 22, 2017 (Doc. 17).  At that time, the Court found that Plaintiff stated a claim against Defendant Gerst for deliberate indifference in the treatment of Plaintiff's psoriasis (Doc. 17, p. 7-8).  A request for waiver of service was sent to Defendant Gerst on September 25, 2017 (Doc. 19).  Gerst returned the waiver on

October 3, 2017 and was given until November 27, 2017 in which to file an answer (Doc. 20). Defendant Gerst did not file an answer. On May 16, 2018, Plaintiff, now represented by counsel, filed a motion for entry of default against Gerst (Doc. 37) which was granted by the Court on May 17, 2018 (Doc. 38). That same day, May 17, 2018, counsel for Gerst entered his appearance and filed the pending motion to set aside the entry of default (Docs. 39, 40, and 41).

Defendant Gerst asks the Court to set aside the entry of default as his counsel was not notified by Defendant's employer, Wexford Health Sources, Inc., that Defendant Gerst was a named defendant in the case. Thus, Defendant's counsel failed to enter his appearance and file an answer in the case on Gerst's behalf. Defendant argues that he was diligent in attempting to cure the default, as his motion was filed the same day that the default was entered. He also argues that he has a meritorious defense as Gerst was not deliberately indifferent to Plaintiff's psoriasis. Defendant argues that the evidence will show that he renewed Plaintiff's medication for his condition. Defendant also argues in his supplement that Defendant has another defense in that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff argues that Defendant has failed to offer good cause for his failure to answer and does not offer a meritorious defense.

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** provides that "[f]or good cause shown the court may set aside an entry of default…" "In order to vacate an

entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." ***Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009).** The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. ***Cracco*, 559 F.3d at 631; *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).** Default judgments are generally disfavored as a trial on the merits is preferred. ***Id.* at 631.**

The Court **GRANTS** Defendant Gerst's motion to set aside entry of default. The Court finds that Defendant Gerst has met the standard for vacating an entry of default. Contrary to what Plaintiff argues, the Court finds that Gerst had good cause for failing to answer. Although he thought he had counsel who would file an answer on his behalf, his employer did not notify said counsel to enter their appearance. Thus, counsel did not enter the case or file an answer for Gerst. Further, Defendant acted quickly to resolve the mistake once he was made aware of the default. In fact, counsel for Defendant Gerst filed the pending motion to vacate the same day that the Court entered the entry of default. The Court also finds that Defendant Gerst has stated a meritorious defense both on the merits and on the issue of exhaustion. The trial practice schedule allows a party entering the case sixty days from their entry of appearance to file a motion on the issue of

exhaustion (Doc. 27, p. 3). To the extent Plaintiff believes such a motion from Gerst would be untimely, Plaintiff can raise that argument in a response to the dispositive motion, should one be filed by Defendant Gerst. However, given the defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Gerst has met the requirements and **GRANTS** his motion to vacate the entry of default. The entry of default (Doc. 37) is **VACATED** and Defendant Gerst has until **May 29, 2018** in which to file his answer.

**IT IS SO ORDERED**.

Judge Herndon
2018.05.22
09:13:12 -05'00'

**United States District Judge**