IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FLOYD OVERTURF,** | ) |
| **Plaintiff,** | ) ) ) ) |
| vs. | ) Case No. 3:17-CV-00762-MAB ) |
| **WEXFORD HEALTH SOURCES, ET AL.,** | ) ) ) ) |
| **Defendants.** | ) ) ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Floyd Overturf, an inmate in the Illinois Department of Corrections, filed his lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). Defendants Gerst and Neal filed a motion for summary judgment on August 26, 2019 (Docs. 89, 90). Defendant Isaacs also filed a motion and supporting memorandum for summary judgment on September 9, 2019 (Docs. 93, 94). On November 20, 2020, Defendants' motions for summary judgment were granted and this case was dismissed with prejudice (Doc. 110). The case was closed the same day (Doc. 111).

Now pending before the Court are Defendants Gerst and Neal's Bill of Costs, as well as Defendant Isaacs' Bill of Costs (Docs. 112, 114). Defendant Isaacs filed her Bill of Costs on December 10, 2020 seeking $2,068.00 for transcript fees (Docs. 112, 112-1). Defendants Gerst and Neal filed their Bill of Costs on December 17, 2020 seeking $2,006.00 for transcript fees as well (Doc. 114).

1

Plaintiff filed his objection on December 28, 2020 and then filed a supplement to his objection on December 30, 2020 (Docs. 116, 117). Plaintiff asserts he should not be required to pay the costs, as he is still currently in the custody of the IDOC, where he has been imprisoned continuously since August 2009, and does not have any assets or income (Doc. 116, p. 3). As of December 7, 2020, Plaintiff's trust fund balance was $60.10 (Doc. 117-1, pp. 2-3). Lastly, while he was ultimately unsuccessful, the Court previously determined his claims were not frivolous or malicious (Doc. 116, p. 4).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.' " *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its

2

discretion to deny costs." *Id.* The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff was continuously incarcerated throughout this litigation. As a supplement to his objection, Plaintiff includes his own declaration, detailing his current finances, including his income and expenses (Doc. 117-1). He also included a print-out of his Trust Fund Account as of December 7, 2020, which shows that he only has around $60.10 in his account. Plaintiff details that he has no employment prospects while incarcerated and cannot expect any assistance from friends or family in excess of $40-$50.00 per month (Doc. 117-1, p. 2). Given that Plaintiff is still currently incarcerated without employment or steady sources of income, the Court finds that Plaintiff is incapable of paying the costs at any time in the near future.

Turning to the amount of the costs, Defendants seek a total of $4,092.00. That sum, while not astronomical, is quite substantial to an individual who is currently incarcerated without a steady income. Furthermore, the Court finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail and that he should be completely relieved of the obligation to pay Defendants' costs as he has submitted sufficient information about his current financial situation.

For these reasons, the Court finds that Defendants' Bills of Costs should be denied. Plaintiff Floyd Overturf's objection (Doc. 116) is **SUSTAINED**. Defendants' Bill of Costs (Docs. 112, 114) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: April 12, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
